UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BIPING HUANG, | * | |
|  | * | |
| Plaintiff, | * | |
|  | * | |
| v. | * | |
|  | * | Civil Action No. 1:23-cv-13184-ADB |
|  | * | |
| HAIYAN LIU and FLUOR CORPORATION, | * | |
|  | * | |
| Defendants. | * | |
|  | * | |

# **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

  Biping Huang ("Huang" or "Plaintiff") filed this tort action in state court alleging reputational and emotional harm caused by Haiyan Liu ("Liu") and Fluor Corporation ("Fluor") (collectively, "Defendants"). See [ECF No. 1-1 ("Complaint" or "Compl.")]. Currently before the Court is Defendant Fluor's motion to dismiss the Complaint against it for lack of personal jurisdiction and failure to state a claim. [ECF No. 10]. Fluor is only named in Count V (neglect).[1] [Compl. ¶¶ 43–45]. For the reasons set forth below, Fluor's motion is **GRANTED**.

---

[1] Plaintiff alleges only Count V against Fluor. [Compl. ¶¶ 28–45]. Counts I through IV assert claims of libel, slander per se, cyberbullying, and intentional infliction of emotional distress against Defendant Liu. [Id. ¶¶ 28–42].

I.  **BACKGROUND**

   A.  **Factual Background**

The following facts are drawn primarily from the Complaint, the factual allegations of which are assumed to be true when considering a motion to dismiss.  Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

Pro se Plaintiff Huang, a resident of Massachusetts, participated in messaging groups associated with WeChat and Discord.[2]  [Compl. ¶¶ 8–9].  Specifically, she participated in groups such as the "Hongyan Group," "Quant Unicorn Information Sharing Group," and "Happiness Index TLSA Group," which were groups for discussing stock trading tips and financial data.  [Id. ¶¶ 21-23].  These chat groups, which can only be joined by invitation, have hundreds of members.  [Id. ¶ 15].  When participating in these groups, members do not reveal their real identities.  [Id. ¶¶ 8, 9].

Defendant Liu, a citizen of Texas, was a member of multiple of these messaging groups at the time of the alleged misconduct.  [Compl. ¶ 13].  Among other things, Liu posted information on trading stocks and options and sold stock analyses in these groups.  [Id. ¶¶ 14–16, 18–19].

Liu and Huang were "communicating in WeChat from February 2023 to July 2023." [Compl. ¶ 18].  On at least two occasions, Liu asked Huang to "bully" various members of the messaging groups because of purported wrongdoing such as stealing her software for analyzing stocks and options.  [Id.].

---

[2] WeChat and Discord are social media and mobile applications that allow users to send instant messages to other users and to join chat groups.

As relevant to this case, on September 3, 2023, Liu posted in the Hongyan Group that Huang is "extremely ugly," "brain damaged" and that she would be "punished one day." [Compl. ¶ 21]. In a later message to the group, Liu also wrote that Huang was a "mad dog," with "no technology or ability," "a waste of life," and that she ought to be kicked out of the group. [Id. ¶ 22]. On September 4, 2023, Huang was removed from the Happiness Index TLSA Group and the Quant Unicorn Information Sharing Group. [Id. ¶ 23]. Huang further claims that Liu obtained and shared her personal information on WeChat around September 6, 2023. [Id. ¶ 24].

Fluor is an engineering and construction company. [Compl. ¶ 11]. It is incorporated in Delaware with its principal place of business in Texas. [ECF No. 11 at 3]. Plaintiff claims that Liu was an employee at Fluor at the time of the alleged wrongful conduct and posted the offensive comments about her during working hours using Fluor's "properties." [Compl. ¶¶ 21, 22, 27, 45]. As such, Huang contends, "Fluor fail[ed] to regulate [Liu's] online behaviors/activities in Wechat [sic] and Discord." [Id. ¶ 27].

### B. Procedural History

On November 14, 2023, Huang filed the Complaint against Liu and Fluor in the Superior Court for the Commonwealth of Massachusetts, Middlesex County. [Compl.]. On December 22, 2023, Fluor removed the case to this Court. [ECF No. 1]. Fluor moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6) on December 29, 2023. [ECF No. 11]. Huang opposed on January 12, 2024, [ECF No. 14 ("Opp'n")], and Fluor replied on January 25, 2024, [ECF No. 19 ("Reply")].

## II.        PERSONAL JURISDICTION

### A.        Legal Standard

As a rule, a "[plaintiff] bears the burden to establish that specific jurisdiction exists over [a] [defendant]." A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016). "When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing . . . , the 'prima facie' standard governs its determination." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). Under the prima facie standard, the plaintiff must proffer "evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." A Corp., 812 F.3d at 58 (quoting Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008)). "[P]laintiffs may not rely on unsupported allegations in their pleadings," and are instead "obliged to adduce evidence of specific facts" supporting jurisdiction. Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006) (first quoting Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992); and then quoting Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995)). The Court takes as true whatever properly documented facts a plaintiff proffers, construes those facts in the light most favorable to the plaintiff, and considers facts put forward by the defendant only to the extent they are uncontradicted. See Prairie Eye Ctr., 530 F.3d at 26; Platten, 437 F.3d at 134.

To exercise personal jurisdiction over a defendant, a court must "find sufficient contacts between the defendant and the forum to satisfy both that state's long-arm statute and the Fourteenth Amendment's Due Process clause." Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). There are two types of personal jurisdiction that the Court may exercise: general and specific. Pritzker v. Yari, 42 F.3d 53, 59 (1st Cir. 1994). "[G]eneral jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has

4

nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Id. at 60 (quoting United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)).  Specific jurisdiction, on the other hand, "may only be relied upon 'where the cause of action arises directly out of, or related to, the defendant's forum-based contacts.'" Id. (quoting United Elec. Workers, 960 F.2d at 1088–89).  Here, Plaintiff asserts that this Court has specific jurisdiction over Defendant Fluor.  [Opp'n at 8].

### B. Massachusetts Long-Arm Statute

"Because the [Massachusetts] long-arm statute imposes specific constraints on the exercise of personal jurisdiction that are not coextensive with the parameters of due process, . . . a determination under the long-arm statute is to precede consideration of the constitutional question." SCVNGR, Inc. v. Punchh, Inc., 85 N.E.3d 50, 52 (Mass. 2017).  The Massachusetts long-arm statute provides, as relevant here:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . .
>
> (c) causing tortious injury by an act or omission in this commonwealth[.]

Mass. Gen. Laws ch. 223A, § 3(c).[3]

Huang's basis for the Court's jurisdiction over Fluor pursuant to § 3(c) is not entirely clear,[4] but as the Court understands it, because Liu published the purported libelous statements

---

[3] Plaintiff only argues that the Court has personal jurisdiction over Defendant Fluor pursuant to § 3(c). [Opp'n at 11–12].  As such, that is the sole basis under which the Court examines whether it has personal jurisdiction over the company.

[4] See [Opp'n at 11–12 ("The Defendant Liu's online defamation . . . is on a Massachusetts resident . . . the tort of libel is generally held to occur wherever the offending material is circulated . . . when Defendant Liu used Fluor's properties to conduct and published [sic] her

about Huang, who is a resident of Massachusetts, the wrongful conduct "actually occurred" in Massachusetts. See [Opp'n at 11–12]. As Liu's alleged misconduct took place during working hours and while she was using Fluor's "properties," Fluor "caused" the injuries that Huang sustained in Massachusetts. [Id.]. Accordingly, Huang avers, the Court has personal jurisdiction over Fluor. [Id.].

Fluor rejects Huang's argument, stating that this Court cannot have personal jurisdiction over the company under § 3(c) because "there is no agency relationship between the two." [Reply at 5].[5] According to Fluor, "the Complaint and Opposition are devoid of factual allegations regarding any agency relationship between Fluor [] and Liu." [Id.]. The Court agrees.

"In order to attribute [Liu's] conduct to [Fluor] for purposes of personal jurisdiction, [Huang] must sufficiently allege the existence of an agency relationship between them." Bud's Goods & Provisions Corp. v. Doe, No. 22-cv-40002, 2023 WL 2696587, at *3 (D. Mass. Mar. 29, 2023). Specifically, Huang would need to show that Liu consented to "act[ing] on [Fluor's] behalf and subject to [its] control." Driscoll v. McCann, 505 F. Supp. 3d 32, 37 (D. Mass. 2020) ("Under Massachusetts law, agency results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control.") (citations omitted). Here, Huang contends that Fluor was Liu's employer, but beyond that does not allege that Liu acted under Fluor's direction or control as it pertains to Plaintiff's cause of action. See generally

---

defamation statements in her Wechat [sic] group during her working hours at Fluor Corporation, intentional tort by Defendants Liu and Fluor actually occurred.")].

[5] Additionally, in its motion to dismiss, Fluor asserts that this Court also does not have jurisdiction over the company under §§ 3(a), (b), (d), or (e). [ECF No. 11 at 5–6].

[Compl.; Opp'n]; see also Salvador v. Meese, 641 F. Supp. 1409, 1413 (D. Mass. 1986) ("[P]laintiffs offer no proof that [purported agents] were acting either on behalf of the [principal], subject to their control or with their consent.  Consequently, the court does not consider [them] to be agents").  Thus, because Huang does not assert facts sufficient to establish an agency relationship "[she] has failed to establish personal jurisdiction [over Fluor] under § 3(c) of the Massachusetts Long Arm Statute."  Bud's Goods, 2023 WL 2696587, at *3.[6]

Plaintiff's "failure to satisfy the requirements of the Massachusetts long-arm statute necessarily means [she] has failed to satisfy Due Process."  Bud's Goods, 2023 WL 2696587, at *3.  As such, the Court need not and will not consider Plaintiff's Due Process argument.

## III. CONCLUSION

Plaintiff has failed to establish that personal jurisdiction over Fluor is proper under the Massachusetts long-arm statute.[7]  Accordingly, for the reasons noted above, Defendant Fluor's motion to dismiss, [ECF No. 10], is GRANTED.

---

[6] The parties disagree as to whether Liu was ever a Fluor employee, see [Compl. at 13; ECF No. 11 at 3; ECF No. 11-3; Opp'n at 6; Reply at 3], but even assuming that she did work for Fluor, in order to hold Fluor liable for Liu's alleged tortious conduct, Huang would need to establish that Liu acted "within the scope of [her] employment," meaning her conduct was "the kind [s]he [was] employed to perform."  Schlichte v. Granite Sav. Bank, 662 N.E.2d 238, 240 (Mass. App. Ct. 1996) (quoting Wang Lab'ys, Inc. v. Bus. Incentives, Inc., 501 N.E.2d 1163, 1166 (Mass. 1986)); see also Restatement (Second) of Agency § 228(1) (Am. L. Inst. 1958) (employee acts as an agent of the employer "if, but only if: (a) [the act] is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master").  Based on the facts alleged in the Complaint and Opposition, as well as supporting documents, the Court cannot conclude that Liu's conduct on the group chat was "the kind [s]he [would have been] employed to perform."  Schlichte, 662 N.E.2d at 240.  Similarly, Huang proffered no evidence that Liu, at any point, was seeking to serve Fluor through her conduct on WeChat and Discord.  See generally [Compl.].

[7] "Because Plaintiff has not carried [her] burden to establish personal jurisdiction, the court does not address" Defendant's remaining arguments regarding dismissal.  Collision Commc'ns, Inc. v. Nokia Sols. and Networks Oy, 485 F. Supp. 3d 282, 299 (D. Mass. 2020) (citing Dumitrescu v. DynCorp Int'l, LLC, 257 F. Supp. 3d 13, 16 n.2 (D.D.C. 2017)).

**SO ORDERED.**

July 17, 2024 /s/ *Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE